that the subject of *Fairfield Wool Co., Inc.* v. *United States* (33 Cust. Ct. 199, C. D. 1653), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 18, 1958

**No. 61694.**—Keuffel & Esser Co. *v.* United States, protests 307277–K and 315475–K (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of boxes similar in all material respects to those the subject of Abstract 59557, the claim of the plaintiff was sustained.

**No. 61695.**—E. Leitz, Inc. *v.* United States, protest 287672–K (New York).

Opinon by RAO, J. In accordance with stipulation of counsel that the merchandise consists of fiber cases which are in chief value of wood, the claim of the plaintiff was sustained.

**No. 61696.**—Colin Douglas *v.* United States, protests 5476–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiff was sustained.

**No. 61697.**—Stern & Stern Textiles, Inc. *v.* United States, protest 278215–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MARCH 18, 1958

**No. 61698.**—Carson M. Simon & Co. *v.* United States, protest 291172–K (Philadelphia).

Opinion by JOHNSON, J. It was stipulated that the 80 dozen plastic wallets in question, having a total value of $308—which wallets were a part of the 112 dozen plastic wallets, as specified on the invoice—were the manufacture of the United States, returned after having been exported, without having been advanced in value or improved in condition; that all of the applicable customs regulations were complied with, except that the importer did not file customs Form 4467; that said form has now been filed; and that had said form been in the collector's possession, he would have classified the 80 dozen plastic wallets free of duty under said paragraph 1615. In accordance with stipulation of counsel, the claim of the plaintiff was sustained.

**No. 61699.**—Arnart Imports, Inc. *v.* United States, protests 310452–K, 310484–K, and 310490–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of switch plates, wholly or in chief value of porcelain, used as an essential part of electrical apparatus and known as electrical porcelain ware, other, the claim of the plaintiff was sustained. Abstract 60629 followed.

**No. 61700.**—Keer, Maurer Company *v.* United States, protest 218707–K (Philadelphia).

Opinion by JOHNSON, J. It was stipulated that the merchandise consists of plastic artificial teeth the same in all material respects as those the subject of *Maher-*